**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

MAGGIE STILWELL                                                                PLAINTIFF

v.                            CASE NO. 3:13CV00038 BSM

AMERICAN GREETINGS CORPORATION                              DEFENDANT

<u>ORDER</u>

American Greetings Corporation's motion for summary judgment [Doc. No. 16] is granted.

I.  FACTUAL BACKGROUND

Viewing the record in the light most favorable to the non-moving party, Maggie Stilwell, the facts are as follows.  In 2002 after conducting an investigation of unemployment fraud, American Greetings Corporation ("American Greetings") fired 122 employees.  Stilwell was one of the employees terminated.  After her termination, Stilwell filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination, and participated in a putative class action suit against American Greetings related to the unemployment fraud.  Summary judgment was granted on the class-action lawsuit in favor of American Greetings.

In June 2012, Stilwell applied for a job at American Greetings through a staffing agency.  After looking at American Greetings' database, the employment manager, Elizabeth Creecy, learned that Stilwell had been terminated in 2002 for employment fraud.  Creecy notified Stilwell that she could not be rehired because she had been previously terminated

for fraud.  Stilwell filed this lawsuit alleging retaliation and age discrimination under the Age

Discrimination in Employment Act ("ADEA") and the Arkansas Civil Rights Act ("ACRA").

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all

reasonable inferences in the light most favorable to the nonmovant, no genuine issues of

material fact exist and the movant is entitled to judgment as a matter of law."  *Nelson v.*

*Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56); *Brown v.*

*Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).  Once the moving party demonstrates that the

record does not disclose a genuine dispute on a material fact, the non-moving party may not

rest upon the mere allegations or denials of her pleadings, but her response, by affidavits or

as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine

issue for trial.  Fed. R. Civ. P. 56(e).

## III.  DISCUSSION

American Greeting's motion for summary judgment is granted.  Stilwell concedes her

age discrimination claims.  Therefore, the only issue is whether there is any evidence

supporting Stillwell's claim that American Greetings retaliated against her.  A retaliation

claim requires Stilwell to show that: (1) she participated in a protected activity; (2) an

adverse employment action was taken against her; and (3) a causal connection exists between

the protected activity and the adverse employment action.  *See Grey v. City of Oak Grove*,

396 F.3d 1031, 1034-35 (8th Cir. 2005).  An adverse employment action is one that "might

have dissuaded a reasonable worker from making or supporting a charge of discrimination."

*See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006).   Stilwell must also show that there was actual or constructive knowledge of the protected activity to establish unlawful retaliation.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 722 (8th Cir. 2008).  A causal link does not exist if the employer is unaware of the employee's statutorily protected activity.  *Jackson v. United Parcel Serv., Inc.*, 548 F.3d 1137, 1143 (8th Cir. 2008).

Stilwell argues that American Greetings failed to rehire her because she participated in the previous EEOC investigation and because she was a party to the class-action lawsuit.  The undisputed evidence, however, shows that: (1) Stilwell was terminated by American Greetings for employment fraud; (2) almost a decade later, she applied for another job at American Greetings; (3) the employment manager looked in the computer database and saw that Stilwell had been terminated for fraud; and (4) based on the information gleaned from the database, the employment manager notified Stilwell that she was not eligible for rehire. The record is devoid of evidence that the employment manager was aware of Stilwell's protected activity at the time she determined that Stilwell could not be rehired.

Accordingly, no reasonable jury could determine there is sufficient evidence to conclude that Stilwell's protected activity was a determinative factor in the decision not to rehire her.

## IV.  CONCLUSION

For the reasons set forth above, American Greeting's motion for summary judgment [Doc. No. 16] is granted.

IT IS SO ORDERED this 7th day of July 2014.

_____
UNITED STATES DISTRICT JUDGE